IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:  )<br>  )<br>Helen Marie Rizzo  )<br>  )<br>  Debtor.  )<br>_____ ) | Case No. 19-01303-jw<br>Chapter 13<br><br>JOINT STATEMENT OF DISPUTE |

The undersigned hereby certifies that after consultation, the hearing on Confirmation scheduled for May 23, 2019 at 9:00 a.m., after good faith efforts, cannot be settled and remains contested so as to require the presentation of evidence and/or argument to the Court for determination. The following information is presented by way of stipulation of the parties:

**1.    Issues to be decided by the Court:**

1. Can the plan be confirmed when it omits treatment of Creditor's claim, and incorrectly states the nature of Debtor's interest in the Property securing the claim?

2. Is the plan proposed in good faith?

3. Was the Objection to Plan timely filed?

**2.    Position of the Parties:**

Creditor: Creditor filed a prepetition action against Debtor in state court for conversion, declaratory judgment, constructive trust, and injunctive relief based upon Debtor's withdrawal and misappropriation of $250,000.00 ("Property") from the account of Albert Scansaroli, deceased. Debtor withdrew these funds and transferred them into a joint account she created for herself and Mr. Scansaroli; after this was discovered by the family of Mr. Scansaroli, who at the time suffered from dementia, his daughter Olivia Austin was appointed as his conservator by the Probate Court in North Carolina. The state court granted Creditor, who is the executor of the Estate of Albert Scansaroli, a Preliminary Injunction imposing a constructive trust upon the remaining $136,344.36, which is the basis of the Creditor's secured claim. Creditor filed a Proof of Claim on April 19, 2019 setting forth its secured interest in the amount of $136,344.36 and unsecured interest in the amount of $113,655.64. Creditor objected to Debtor's plan because it is devoid of any treatment or mention of Creditor's claim, her schedules fail to include Creditor as either a secured or unsecured creditor, and on the grounds that the plan was not proposed in good faith. Debtor also does not list her pending counterclaims in state court as assets, and Creditor contends that she should be estopped from asserting different factual and legal positions in this action than in the state court action. Creditor has also filed a Motion for Relief to modify the stay to permit the parties to continue the proceedings in state court and obtain a final adjudication declaring the rights and interest of the parties in the Property. Creditor also requests abstention under 28 U.S.C. § 1334(c)(1)-(2) and suspension of Debtor's case under 11 U.S.C. § 305(a)(1) as alternative grounds for relief.

Debtor: Debtor's case was filed on March 5, 2019 and was properly noticed and served. The Notice of Opportunity to Object requires that any Objection must be filed and served no later than 21 days after the service of the Plan. This Objection was filed on April 19, 2019 despite knowledge of the filing and 21 day Objection deadline. Therefore, the Objection should be overruled as it is untimely. Additionally, Debtor does not owe the Objecting parties, thus, her Plan does not require treatment of the claim they filed and to which the Debtor has objected.

**3.    Name of Witnesses to be called at the hearing.**

Creditor: Olivia Austin, as Co-Executor for the Estate of Albert Robert Scansaroli; Daniel F. Blanchard,

Debtors: Helen Marie Rizzo, Debtor.

All parties reserve the right to object to the introduction or qualification of any witness.

**4. Exhibits/Evidence to be presented at the hearing.**

Creditor: Plan and Proof of Claim; State Court Pleadings (Complaint, Answer and Counterclaim, Stipulation of Dismissal as to Certain Counterclaims, Order Granting Preliminary Injunction, Discovery Responses); Order Relieving Counsel; Motion for Relief from Automatic Stay; Escrow Trust Account Ledger; Deeds.

Debtor: Debtor's Notice of Opportunity to Object; Debtor's certificate of service; Email from Objecting parties counsel acknowledging Debtor's Chapter 13 case dated March 12, 2019.

All parties reserve the right to object to the introduction of any exhibits or documents.

**5. Stipulated items:**

1. Debtor filed her case and served her Plan on March 5, 2019.
2. Creditor's Objection to Plan was filed on April 19, 2019.
3. The Notice and Opportunity to Object provides that Objections are to be filed and served no later than 21 days after the date of service of the Plan. Part 1 of the Plan provides creditors a deadline of at least 7 days prior to the hearing on confirmation to file an objection.
4. Creditor's state court counsel emailed state court chambers on March 12, 2019 acknowledging receipt of the Notice of Bankruptcy.

**6.    Statutory Case law or other Applicable Authority.**

Creditor:
a. 11 U.S.C. §1325(a); 11 U.S.C. § 1323(c), F.R.B.P. 2002; F.R.B.P. 3001(f).

b. *In re Brownlee*, C/A 2015-01109-hb, slip op. (Bank. D.S.C. Jan. 20, 2016); *In re Gibson*, C/A 16-02132-jw, 556 B.R. 743 (2016); *In re Johnson*, 960 F.2d 396 (4th Cir.1992); *In re Blackwell*, C/A 98-02748-W, not reported (Sept. 2, 1998); *In re Pearson*, C/A 10-05166-jw, slip op. (Oct. 18, 2010); *In re Bycura*, C/A 15-03429-hb, 540 B.R. 211 (2015); *In re Devey*, C/A 17-05751-JW, 590 B.R. 706 (2018).

Debtor: 11 U.S.C §1325, *In re Gibson* Case No. 16-02132-JW August 17, 2016.

**6. Estimated Length of Hearing.** 30 minutes.

**7. Telephone, facsimile number and email address of the Counsel/Parties:**

Creditor:
Magalie A. Creech, mcreech@finkellaw.com
Phone: (843) 577-5460
Fax: (866) 800-7954

F. Truett Nettles, II, tnettles@finkellaw.com
Phone: (843) 577-5460
Fax: (866) 800-7954

Debtors:
Michael Glen Matthews, matthews.michaelg@gmail.com
Phone: (843) 379-0702

**8. Final Authority.** Unless otherwise indicated by a separately filed motion, filed simultaneously herewith, which requests that the Court determine whether this proceeding is subject to entry of final orders or judgments by the Court, the parties submitting this Joint Statement of Dispute consent to this Court entering final orders or judgments in this proceeding.

/S/ F. TRUETT NETTLES, II
District Court ID No. 2520
Finkel Law Firm LLC
Post Office Box 41489
Charleston, South Carolina 29423
(843) 577-5460
tnettles@finkellaw.com
Attorneys for Creditor
May ___, 2019

/S/ MAGALIE A. CREECH
District Court ID No. 10871
Finkel Law Firm LLC
Post Office Box 41489
Charleston, South Carolina 29423
(843) 577-5460
mcreech@finkellaw.com
Attorneys for Creditor
May ___, 2019

/S/ MICHAEL GLEN MATTHEWS, ESQ.
District Court ID No. 10012
2015 Boundary St., Suite 319
Beaufort, SC 29902
(843) 379-0702
matthews.michaelg@gmail.com
Attorney for Debtor