UNITED STATE BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

IN RE: )
) CASE NO: 19-01303-jw
Helen Marie Rizzo )
) CHAPTER 13
)
DEBTOR. )
_____)

**OBJECTION TO MOTION TO MODIFY STAY**

The above referenced debtor, through her undersigned attorney, hereby answers the motion to modify stay filed on behalf of Olivia Austin and Michelle Dinatale as follows:

1. The Movants do not have a claim against the Debtor.
2. The funds being held in trust belong to the Debtor.
3. "It is well established that the allowance or disallowance of a claim in bankruptcy is a matter of federal law that is left to the bankruptcy court's exclusive exercise of its equitable powers. *Katchen v. Landy,* 382 U.S. 323, 329-30(1966) (The bankruptcy court is 'expressly granted [the] power to 'allow,' 'disallow' and 'reconsider' claims, which is of the 'basic importance in the administration of a bankruptcy estate.'"*Canal Corp. v. Finnman,* 960 F.2d 396, 404 94th Cir. 1992) (The existence of a claim is controlled by state law, but the "allowance or disallowance of a claim in bankruptcy is a matter of federal law left to the bankruptcy court's exercise of its equitable powers."). Confirmation of a chapter 13 plan and the allowance or disallowance of claims against the bankruptcy estate are, as a matter of law, core matters that arise under the Bankruptcy Code. *See* 28 U.S.C. 157(b)(2)9B), (L), and (o) ("Core proceedings include bur are not limited to…allowance or disallowance of claims against the estate…confirmations of plans…*see also Celotex Corp. v. Edwards,* 514 U.S. 300, 308 (1995) ("Congress intended to grant comprehensive jurisdiction to the bankruptcy courts so that they might deal efficiently and expeditiously with all matters connected with the bankruptcy estate."). Indeed, one of the primary purposes of a bankruptcy proceeding is 'to centralize disputes over debtor's assets and obligations in one forum, thus protecting both debtors and creditors from piecemeal litigation and conflicting judgments." *Moses v. Cashcall, Inc.,* 781 F.3d 63, 72 (4th Cir. 2015). As explained by the United States Supreme Court: "Every Person submitting himself to the jurisdiction of the bankruptcy court [sic] in the progress of the cause, for the purpose of having his rights in the estate determined, makes himself a party to the suit, and is bound by what is judicially determined in the legitimate course of the proceeding. A creditor who offers proof of his claim, and demands its allowance, subjects himself to the dominion of the court, and must abide the consequences." *Wiswall v. Campbell,* 93 U.S.347, 351 (1876).

By filing is proof of claim, Movants waived their right to a jury trial. "Once a claimant has submitted to this Court's equitable jurisdiction by triggering the claims allowance process, there

is no Seventh Amendment right to a jury trial. *Lagenkamp v. Culp,* 498 U.S. 42, 44-45 (1990) (Parties who file claims against the bankruptcy estate bring themselves within the equitable jurisdiction of the Bankruptcy Court and waive the right to a jury trial.); *Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33 (1989) (same); *Katchen v. Landy,* 382 U.S. at 336-337. The Courts authority to determine claims includes 'the full power to inquire into the validity of any alleged debt or obligation of the bankrupt upon which a demand or a claim against the estate is based. This is essential to the performance of the duties imposed upon [the Court].' *Lesser v. Gray,* 236 U.S. 70, 74 (1915) *see* 11 U.S.C. § 502(b)(1) (If and objection to a claim is made, 'the court...shall determine the amount of such claim...'). *In re Devey,* C/A No. 17-05751-jw slip op. (Bankr. DSC Aug 17, 2018).

WHEREFORE, the debtor prays that this Honorable Court dismiss the Movants Motion to Modify the automatic stay as well as any further relief the court deems just and proper.

                                      Respectfully submitted,

                                      /s/ Michael Matthews
                                      Michael G. Matthews D.C. ID #10012
                                      Attorney for Debtor
                                      2015 Boundary Street, Suite 319
                                      Beaufort, SC 29902
                                      (843) 379-0702

Date: May 22, 2019

UNITED STATE BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

IN RE: )
)  CASE NO: 19-01303-jw
Helen Marie Rizzo )
)  CHAPTER 13
)
DEBTOR. )
)

## CERTIFICATION OF FACTS

In the above-entitled proceeding, in which relief is sought to Modify the automatic stay in accordance with 11 U.S.C. Section 362, I do hereby certify to the best of my knowledge the following:

1. Nature of the Movant's Interest:   None

2. Brief Description of Security Interest, copy attached (if applicable):   N/A

3. Description of Property Encumbered by Stay (Include serial number, lot and block number, etc.):

   $136,344.36

4. Basis for Relief (property not necessary for reorganization, debtor has no equity, property not property of estate, etc.: include applicable

The debtors dispute the allegations made by Movants.

5. Prior Adjudication by other Courts, copy attached (Decree of foreclosure, Order for possession, Levy execution, etc., if applicable): None.

6. Valuation of Property, copy of valuation attached (Appraisal, Blue Book, etc.):

Market Value

Liens

Equity

Debtors' Exemption

Net Equity

7. Amount of debtor's estimated equity (using figures from paragraph 6, supra): $136,344.36

8. Month and year in which first direct post-petition payment came due to Movant (if applicable).

   N/A

9. (a)   For Movant/Lienholder (if applicabale): List or attach a list of all post-petition payments received Directly from debtor(s), clearly showing date received, amount, and month and year for which each such payment was applied.

   N/A

(b)        For Objecting Party (if applicable): List or attach a list of all post-petition payments included In the Movant's list from (a) above which objecting party disputes as having been made. Attach written proof of such payment(s) or a statement as to why such proof is not available at the time of filing this objection.

         N/A

10. Month and year for which post-petition account or debtor(s) is due as of the Date of this Motion.

         N/A

/s/ Michael Matthews
Michael G. Matthews D.C. ID #10012
Attorney for Debtor
2015 Boundary Street, Suite 319
Beaufort, SC 29902
(843) 379-0702

UNITED STATE BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: | ) |
| | ) CASE NO: 19-01303-jw |
| Helen Marie Rizzo | ) |
| | ) CHAPTER 13 |
| | ) |
| DEBTOR. | ) |
| | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the within Objection To Creditor's Motion To Terminate Automatic Stay and Certification Of Facts was duly served upon the interested parties and creditor(s) below named. This was done electronically through CM/ECF or by depositing said papers in the United States Mail at Charleston, South Carolina, on this date, with first class postage duly affixed and a return address clearly indicated on said envelope to the address below indicated.

**US POSTAL SERVICE**
Magalie A. Creech, Esquire
F Truett Nettles, II, Esqure
Finkel Law Firm
P O Box 41489
Charleston, South Carolina 29423

Olivia Austin and Michelle Dinatale
c/o Daniel F. Blanchard, III Esquire
151 Meetings Street Ste 400
Charleston, South Carolina 29402

**ELECTRONICALLY**
James M. Wyman, Esquire
Chapter 13 Trustee
PO Box 997
Mt. Pleasant, SC 29465-0997

                                                  /s/ Jenny Durham
                                                  Jenny Durham, Paralegal to
                                                  Michael Matthews Esquire
                                                  2015 Boundary Street Ste 319
                                                  Beaufort, SC  29902
                                                  (843) 379-0702

Date: 5.22.19